UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN WELLER, | ) | Case No.: 5:22 CV 935 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Defendant, Commissioner of Social Security ("Defendant" or "Commissioner"), denied Plaintiff Nathan Weller's ("Plaintiff" or "Weller") application for disability insurance benefits ("DIB") related to Plaintiff's depression and anxiety. On June 3, 2022, Plaintiff sought judicial review of the Commissioner's decision. (ECF No. 1.) On October 11, 2022, Plaintiff filed a Brief on the Merits (ECF No. 9), maintaining the ALJ did not properly evaluate Plaintiff's allegations pursuant to SSR 16–3p, which he asserts as his sole assignment of error. (Br. at PageID #480, ECF No. 9); (R & R at PageID #516, ECF No. 11.) The Commissioner submitted its Brief on the Merits (ECF No. 10) on November 18, 2022. Pursuant to Local Rule 72.2(b)(1), the court referred the case to Magistrate Judge Darrell A. Clay ("Magistrate Judge Clay" or "Magistrate Judge"), to prepare a Report and Recommendation ("R & R"). On September 21, 2022, the case was reassigned to Magistrate Judge James E. Grimes, Jr., pursuant to General Order 2022–16, to prepare a R & R.

Magistrate Judge Grimes submitted his R & R (ECF No. 11) on January 11, 2023, recommending that the court affirm the Commissioner's decision. Plaintiff filed Objections (ECF No. 12) on January 24, 2023. Defendant filed a Response to Plaintiff's Objections (ECF No. 13) on February 6, 2023. The R & R begins by addressing Plaintiff's argument that the ALJ did not properly evaluate his complaints of symptoms. The R & R briefly reiterates the ALJ's finding that the intensity, persistence, and limiting effects of Plaintiff's alleged symptoms lacked "objective and/or overall record support". (R & R at PageID #535, ECF No. 11.) Notably, the ALJ found that despite Plaintiff's diabetes, anxiety, depression, and daily alcohol and marijuana use, Plaintiff maintained regular, full-time work until 2018. (*Id.*) Additionally, at his initial psychiatric intake examination, the evaluator assessed Plaintiff with a Global Assessment of Functioning Score of 62, which is "generally mild to no more than moderate affective distress/dysfunction." (*Id.* at PageID #535–36.) The ALJ also found it persuasive that despite Plaintiff's allegation that he could not return to work in January 2019, Plaintiff maintained a Global Assessment Functioning Score of 62. (*Id.* at PageID #536.) Thereafter, Plaintiff reported improvement. The ALJ noted that by summer 2019, Plaintiff indicated that he was visiting a recreation center every other day, possessed a stable mood and good sleep, and continued to report an improving mood. (*Id.* at PageID #536–37.) The R & R determines that the ALJ properly considered that record evidence in conjunction with Plaintiff's Global Assessment Functioning Score. Specifically, the R & R states that:

> [t]he ALJ contrasted those facts with the allegations in [Plaintiff's] July 2019 function report, in which [Plaintiff] stated that his depression prevented him from 'doing things' and anxiety made him repulsed by society. The ALJ also observed that [Plaintiff's] statement that [Plaintiff] had no friends was belied by his reports in the record that he smoke marijuana 'with [a] friend.' And the ALJ wrote that [Plaintiff's] allegations that he had problems remembering and difficulty concentrating were belied by [Plaintiff's] objective exam

> findings, which regularly showed good concentration and memory . . . Finally, the ALJ discussed [Plaintiff's] physical exam findings of decreased sensation to light touch in [Plaintiff's] toes, but 'EMG/nerve conduction studies . . . showed only 'mild sensory and motor polyneuropathy' of [Plaintiff's] lower extremities.'

(*Id.* at PageID #537.) Similarly, Plaintiff argues that the ALJ did not consider his diabetes, that he alleges limited his ability to stand, which has not been mitigated despite medication and treatment. (*Id.* at PageID #537–38.) The ALJ contrasted Plaintiff's allegations with Plaintiff's reports of the numerous activities that he completed despite his condition. (*Id.* at PageID #538.) The R & R concludes that the ALJ properly considered Plaintiff's statements, "information provided by medical sources, and other relevant evidence in the record, including [Plaintiff's] daily activities, the intensity of [Plaintiff's] symptoms, precipitating and aggravating factors, and the effectiveness of medication and side effects, which is what SSR 16–3p—the rule [Plaintiff] cites—requires." (*Id.*)

Next, Plaintiff argues that the ALJ doesn't "sufficiently articulate how working and having minimal symptoms a year prior to the alleged onset date makes [Plaintiff's] current allegations not consistent with the evidence." (*Id.*) Yet, the R & R finds that the ALJ explained that while Plaintiff sought mental health treatment while he was working full time, prior to his alleged disability onset date, he was assessed to have mild symptoms; and he was prescribed medication that subsequently improved his symptoms. (*Id.*) The R & R finds that, "the fact that [Plaintiff's] symptoms were mild to moderate while [Plaintiff] was working full time and then improved with treatment undercuts [Plaintiff's] allegations of disabling symptoms after [Plaintiff] stopped working, a point the ALJ 'sufficiently articulated.'" (*Id.*) Plaintiff contends that the ALJ did not articulate how certain findings undermined his reports of symptoms. (*Id.*) However, the R & R concludes that the ALJ did fully consider those symptoms in her report and was not required to discuss "any additional information

-3-

about length of time improvement lasts, or how much improvement," as Plaintiff alleges, because Plaintiff fails to identify any legal authority mandating the ALJ to do so. (*Id.*)

Similarly, Plaintiff maintains that the ALJ excluded certain items that he wrote in his July 2019 function report. (*Id.* at PageID #539.) However, the R & R finds that the ALJ cited Plaintiff's statements regarding his disputed functions. (*Id.*) Plaintiff also argues that the ALJ did not address Plaintiff's daily activities in violation of Social Security Ruling 16–3p. (*Id.* at PageID #540.) Specifically, Plaintiff complains that at the administrative hearing, the ALJ did not ask him "much if anything about his daily activities and the effect of [his] impairment in his everyday life." (*Id.*) However, the R & R concludes that Plaintiff's assertion is belied by the ALJ hearing transcript. (*Id.*) Next, Plaintiff contends that the ALJ "did not adequately discuss the location, duration, [and] frequency of pain" that Plaintiff experienced in his legs and feet. (*Id.*) However, the R & R concludes that the ALJ did not need to discuss all the factors in the Social Security Ruling 16–3p. (*Id.*); *see Hatcher v. Berryhill*, No. 1:18CV1123, 2019 WL 1382288, at *15 (N.D. Ohio Mar. 27, 2019). Regardless, the ALJ noted that Plaintiff's EMG and nerve conduction studies showed "only mild sensory and motor polyneuropathy." (*Id.* at PageID #541.) In sum, the R & R finds that the ALJ's "narrative contained specific reasons, was supported by the record, and is sufficiently articulated 'so the individual and any subsequent reviewer can assess how the [ALJ] evaluated [Plaintiff's] symptoms.'" (*Id.*) (internal citations omitted.)

Finally, the R & R finds that Plaintiff's last argument—that the ALJ failed to take into account that his diabetes was uncontrolled, that exercise "caused complications," and his EMG "was consistent with polyneuropathy with demyelinating features"—has less to do with the ALJ's evaluation of Plaintiff's overall symptoms of his conditions, and more to do with the ALJ's

evaluation of Plaintiff's diabetes. (*Id.*) The R & R determined that the ALJ accounted for Plaintiff's diabetes when she limited Plaintiff to performing "light" work. (*Id.* at PageID #541–42.) In considering the matter, the ALJ rejected the state agency reviewers' opinions that Plaintiff's diabetes caused no limitations. (*Id.* at PageID #542.) Instead, she wrote that Plaintiff had "some decreased sensation in his lower extremities with some evidence of diminished circulation," as a result of his diabetes. (*Id.*) Moreover, the ALJ found that at the onset of the Plaintiff's alleged disability he was performing "medium to heavy" level work, and reasoned that those facts, along with his reported activities, were "consistent with a generally light level of exertion." (*Id.*) The R & R concludes that Plaintiff has not shown that the ALJ erred when she evaluated his diabetes. (*Id.*)

Plaintiff filed Objections (ECF No. 12) on January 24, 2023. The Objections contends that the ALJ's analysis is flawed and therefore the Magistrate Judge's recommendation should not be adopted. (Obj. at PageID #545, ECF No. 12.) Specifically, Plaintiff argues that the ALJ did not properly evaluate the factors set forth in SSR 16–3p, and that the ALJ failed to sufficiently articulate her reasons for finding Plaintiff's allegations not entirely credible, as did the Magistrate Judge's recommendation. (*Id.*)

The Commissioner filed a Response (ECF No. 13) to Plaintiff's Objections on February 6, 2023, maintaining that Plaintiff's Objections (ECF No. 12) merely rehash Plaintiff's previously-raised arguments that were addressed extensively in the Commissioner's main brief and the Magistrate Judge's subsequent R & R. (Resp. at PageID #552, ECF No. 13.)

The court finds, after careful *de novo* review of the parties' arguments, the R & R, Plaintiff's Objections, the Commissioner's Response, and all other relevant documents in the record, that Magistrate Judge Grimes's conclusions are fully supported by the record and controlling case law.

Accordingly, the court adopts as its own Magistrate Judge Grimes's R & R. The court hereby affirms the Commissioner's decision.

      IT IS SO ORDERED.

                                          */s/ SOLOMON OLIVER, JR.*
                                          UNITED STATES DISTRICT JUDGE

June 14, 2023